J-S31011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC MAPLE | : | |
| | : | |
| Appellant | : | No. 49 EDA 2021 |

Appeal from the PCRA Order Entered November 23, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0704852-2000

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 7, 2021**

Appellant, Eric Maple, appeals *pro se* from the November 23, 2020 order entered in the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

On December 14, 2004, Appellant was sentenced to an aggregate term of life imprisonment after a jury found him guilty of second degree murder, robbery, possession of an instrument of crime (PIC) and conspiracy.  Appellant's judgments of sentence were affirmed by the Pennsylvania Superior Court on June 1, 2006 (49 EDA 2005), and on November 1, 2006, the Pennsylvania Supreme Court denied review.  On January 30, 2008, Appellant filed a counseled first PCRA, claiming that he was entitled to relief based upon ineffective assistance of trial counsel and violations of his 5th, 6th, 8th and 14th Amendment rights.  Following review of Appellant's petition, the Commonwealth's response, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

controlling law and proper notice, on January 7, 2009, the petition was dismissed without a hearing. Dismissal was affirmed on August 11, 2010 (159 EDA 2009), and Appellant's petition for allowance of appeal was denied on March 23, 2011 (506 EAL 2011). On March 16, 2017, Appellant filed a second petition for PCRA relief, claiming that he had located an eyewitness who would testify that Appellant was not the person who shot the victim. Then[,] on April 17, 2017, Appellant filed a writ of habeas corpus claiming that 18 Pa.C.S. § 1102 is unconstitutional and void for vagueness because the statute fails to provide fair notice that its penalty of life imprisonment is without parole. The [PCRA court] treated the writ as a supplement to his PCRA petition. Following review and appropriate notice, Appellant's second petition was dismissed as untimely on May 19, 2017.

On November 18, 2019, and December 27, 2019, Appellant filed the instant petition and supplemental petition respectively, alleging newly discovered facts, namely that, based upon his public access request, he learned that Van Cooper, Jr. (Cooper), a Commonwealth witness at his trial, did not have an outstanding scofflaw arrest warrant as was testified to by Homicide Detective Howard Peterman (Peterman). Appellant asserts that Peterman perjured himself; that the claim that an outstanding warrant for Cooper's arrest existed was just a ruse to lure Cooper out of his home to submit to police questioning which amounted to an unlawful arrest. Appellant asserts that he could not have anticipated or expected that Peterman was lying, and that the Commonwealth never revealed the lie to the defense. Appellant further claims that the failure to disclose that no warrant existed, *i.e.*, that Cooper's arrest was unlawful, constitutes a ***Brady***[1] violation warranting a new trial. On July 14, 2020, the Commonwealth filed a motion to dismiss, contending that Appellant had not demonstrated that the arrest warrant did not exist, that Appellant failed to exercise appropriate diligence and that Appellant failed to substantiate his ***Brady*** claim. On September 21, 2020, a Rule 907 notice was filed and served on Appellant. In response, on October 7, 2020, Appellant filed an amended petition addressing the 60 day requirement of the PCRA exceptions to the one year time limitation. [The PCRA court] reviewed all of Appellant's subsequent submissions and again determined that no relief was due. Appellant's petition was

_____

[1] ***Brady v. Maryland***, 373 U.S. 83 (1963).

J-S31011-21

dismissed without a hearing on November 23, 2020. This appeal followed.

PCRA Court Opinion, 2/26/21, at 1-3 (footnotes omitted).

Appellant's argument can be summarized as follows. Detective Peterman, a Commonwealth witness at his trial, falsely stated that Cooper had an outstanding arrest warrant, and the Commonwealth failed to correct Peterman's false statement. Appellant additionally avers that failure to disclose that no warrant existed constitutes a **Brady** violation, and that this **Brady** violation meets the requirements of the newly-discovered fact exception and of the governmental interference exception.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. (Frank) Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)).

- 3 -

As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness).

As noted above, Appellant filed the instant petition on November 18, 2019, approximately eleven years after his judgment of sentence became final. As such, the instant petition is facially untimely.[2]

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3]

As noted, the thrust of Appellant's argument is that the Commonwealth committed a *Brady* violation, which meets the requirements of the newly-

_____

[2] The record reflects Appellant's judgment of sentence became final on January 30, 2007, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); Sup. Ct. R. 13. Appellant had one year from January 30, 2007 to file a timely PCRA petition. His present petition, which was filed in 2019, is therefore facially untimely.

[3] Section 9545(b)(2) was amended to enlarge the deadline from sixty days to one year. The amendment applies only to claims arising on or after December 24, 2017.

discovered fact exception in Section 9545(b)(1)(ii) and the governmental interference exception set forth in Section 9545(b)(1)(i).

The newly-discovered fact exception requires a petitioner to plead and prove two components: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). Due diligence does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). As such, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Id.* (citation omitted). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

As aptly noted by the PCRA court, "Appellant cannot meet this burden." PCRA Court Opinion, 2/26/21, at 4.

We begin by addressing Appellant's contention that he first learned of the non-existence of the scofflaw warrant on October 10, 2019, upon receipt of a communication from the Office of Judicial Records. Appellant's Brief at 7. There are two problems with Appellant's contention. First, the Office of Judicial Records did not indicate, as Appellant seems to imply, that no warrant

exists. **See** Appellant's Brief at 7. Appellant's own Exhibit A, which appears to be the response relied upon by Appellant in support of his contention, states something different. The Office merely stated that it was not "able to locate anything," which is not the same as saying that no warrant exists. Being unable to locate a record does not necessarily mean that the record does not exist.[4] Second, Appellant fails to appreciate that the focus of the newly-discovered fact exception is on the "newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008). The fact was known to Appellant as far back as the time of his trial, if not earlier. Indeed, the PCRA court noted:

> In his submissions, Appellant cites several instances where the issue of the scofflaw warrant came up as far back as the preliminary hearing, including that **Cooper testified at trial that, to his knowledge, he (Cooper) did not have a scofflaw warrant (PCRA Pet. 11/18/20, pg. 3, 5-6, 9, Exhibit B)**. It is clear from Appellant's submissions that he was aware of the issues surrounding the existence or non-existence of the

_____

[4] The PCRA Court similarly noted:

> In addition, Appellant provides his correspondence to the Court Administrator of the FJD titled Public Access Appeal, dated October 10, 2019, that he contacted the Public Access Unit, Room 236, City Hall on September 19, 2019, requesting a record of an outstanding warrant for the arrest of [Cooper] executed on May 3, 2000, but nothing indicates whether a scofflaw warrant does or does not exist. (PCRA Pet. 11/18/20, Exhibit A).

PCRA Court Opinion, 2/26/21, at 5 n.5.

- 6 -

outstanding scofflaw warrant for [Cooper] prior to when his judgment of sentence became final.

PCRA Court Opinion, 2/26/21, at 4-5 (emphasis added).

Thus, for the reasons explained above, the communication from the Office of Judicial Records does not constitute a newly discovered fact.

Even more fatal is Appellant's failure to act on that knowledge in a timely manner. The PCRA court noted:

> It appears from [Appellant]'s petition that Appellant's first request for information about the alleged scofflaw warrant was made on July 17, 2016, more than eight years after his judgment of sentence became final. (Amended/Supplemental Pet. 10/06/20 Exhibit G). That request was denied because it was not directed to the proper agency. Appellant does not explain what steps he took to inquire about the existence or non-existence of Cooper's alleged outstanding scofflaw earlier.

PCRA Court Opinion, 2/26/21, at 5.[5]

Similarly, before us Appellant fails to explain what prevented him from inquiring about the warrant in a timely manner, given that the issue of its existence had been questioned even before trial. Conveniently, Appellant alleges that due diligence started from the time he heard from the Office of Judicial Records on October 10, 2019. Appellant's Brief at 11. However, as

_____

[5] In his response to the PCRA court's Rule 907 notice, Appellant alleged his July 2016 request was not the first time he sought information about the warrant. Appellant alleged that he first attempted to gather information about the warrant in 2006. However, the Commonwealth noted, and we agree, that "even assuming that he did first seek this information in 2006, [Appellant] did not explain why he did not follow up on the request again until almost a decade later [July 2016]." Commonwealth's Brief at 12.

noted above, the office did not state that the warrant did not exist, and, more importantly, the office did not provide Appellant with any information of which he was not already aware. In light of the above, we conclude that Appellant failed to prove that his claims are timely under the newly-discovered fact exception.

Next, Appellant argues his **Brady** claim qualifies as timely under the governmental interference exception.[6] We disagree. Appellant essentially argues that the October 10, 2019, response from the Office of Judicial Records also triggered the governmental interference exception. Specifically, Appellant argues that, on October 10, 2019, the Office of Judicial Records provided Appellant with proof that the Commonwealth engaged in some sort of unlawful conduct by not acting on the false testimony provided by Detective Peterman. In Appellant's view, the Commonwealth's conduct constitutes a **Brady** violation of which he became aware only on October 10, 2019. The viability of this argument relies on the viability of the prior claim. Because the

---

[6] In **Commonwealth v. Abu-Jamal**, 941 A.2d 1263 (Pa. 2008), our Supreme Court stated:

> Although a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. [**Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001)].

**Id**. at 1268.

prior claim was legally and factually without merit, the instant claim shares the same fate. The instant claim assumes that the information provided by Detective Peterman was false, which, as noted above, Appellant failed to prove. Appellant also fails to prove that the Commonwealth had knowledge of the false testimony.

As noted above, Appellant also failed to show what he did, if anything, to investigate the existence of the warrant prior to 2016 (or, if he started looking into it in 2006, what happened between 2006 and 2016). Evidence about the warrant "came out during Cooper's testimony at both the *preliminary hearing* – over four years *before* his trial – and at the trial itself." Commonwealth's Brief at 13 (emphasis in original). As for the newly-discovered fact, Appellant was required to show that he could not have filed his claim earlier, but failed to do so.[7] The information to act upon was known to Appellant from the time of the preliminary hearing but he decided only to pursue it several years later, and without an explanation as to the delay. In

_____

[7] In his reply to the Commonwealth's Brief, Appellant argues that "[d]ue diligence does not require a defendant to assume that a witness is committing perjury and that the prosecution is allowing it to happen." Appellant's Reply Brief at 4. Appellant is correct that due diligence does not require a petitioner to assume that a witness is committing perjury. Due diligence, indeed, requires petitioners to take reasonable steps to uncover facts that may support a claim for collateral relief. Appellant has been fully aware that there were questions about the warrant as far back as the preliminary hearing. Yet, Appellant failed to act on that fact in a timely manner.

light of the foregoing, we conclude that Appellant failed to meet the governmental interference exception. **_See Abu-Jamal_**, **_supra_**.

Order affirmed.[8]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2021

---

[8] Because Appellant failed to prove the timeliness of his PCRA petition, we do not entertain the merits of his claims. **_See Abu-Jamal_**, **_supra_**.